Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO GONZALEZ, JOSE BACA, ERICK LOPEZ, MARIO MANJARREZ, and RICARDO SANDOVAL GUADARRAMA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>The GEO Group, Inc., a Florida corporation, DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-04014-JGB-SHK<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant THE GEO GROUP, INC. hereby answers Plaintiffs' Complaint (Doc. #1), filed on June 10, 2022, as follows:

**INTRODUCTION**

1.    In response to paragraph 1 of plaintiffs' Complaint, Defendant denies detainees were retaliated against on June 12, 2020, and denies that any force used was excessive or violated the detainees' due process or other rights. Defendant denies any remaining allegations for lack of information and belief.

2.    In response to paragraph 2 of plaintiffs' Complaint, Defendant admits protests were taking place outside the Adelanto facility in the Spring and Summer

of 2020. Defendant denies that detainees were retaliated against due to the protests. Defendant admits that some of the detainees in units 3A-3D decided to protest on June 12, 2020, and refused to return to their cells. Defendant denies any remaining allegations for lack of information and belief.

3. In response to paragraphs 3-4 of plaintiffs' Complaint, Defendant admits some of the detainees in units 3A-3D were protesting on June 12, 2020, and refused to return to their cells. Defendant admits that pepper balls were used after repeated orders were ineffective but denies the detainees were not given time to return to their cells. Defendant denies that excessive force was used, denies that any cleaning supplies were denied afterward, and denies that detainees were denied showers or water and forced to live with the chemical effects for weeks. Defendant denies any remaining allegations for lack of information and belief.

4. In response to paragraph 5 of plaintiffs' Complaint, Defendant denies that it interfered with or violated any of plaintiffs' civil rights on June 12, 2020. Defendant denies that detainees were assaulted, denies that detainees were denied showers or water following use of chemicals, denies that excessive force was used, and denies that detainees were forced to live with the chemical effects for weeks. Defendant denies any remaining allegations for lack of information and belief.

5. In response to paragraph 6 of plaintiffs' Complaint, Defendant denies that detainees were "attacked, pepper sprayed, and beat[en]" in June 2017. Defendant denies that any disputed claim of the *Martinez* case that remained for trial – and any settlement of that case – has any precedential or liability significance herein. Defendant also denies that any court orders in *Roman v. Wolf*, or any other COVID-19 related cases brought against GEO, have any bearing on the issues herein. Defendant denies any remaining allegations for lack of information and belief.

///

///

**JURISDICTION AND VENUE**

6.     In response to paragraph 7 of plaintiffs' Complaint, Defendant admits that this Court has jurisdiction on grounds of diversity pursuant to 28 U.S.C. § 1332.  Defendant avers that only 19 detainees were involved in or affected by the underlying incident. Defendant denies any remaining allegations for lack of information and belief.

7.     In response to paragraph 8 of plaintiffs' Complaint, Defendant admits that the incident on June 12, 2020 occurred in the City of Adelanto, San Bernardino County, State of California.  Defendant denies that all of the named plaintiffs live in this area as many have been released.  Defendant denies any remaining allegations for lack of information and belief.

**THE PARTIES**

8.     In response to paragraph 9 of plaintiffs' Complaint, Defendant admits that the named plaintiffs were detained at Adelanto in June 2020.  Defendant lacks sufficient information to admit or deny the current location of those plaintiffs who have been released.

9.     In response to paragraph 10 of plaintiffs' Complaint, Defendant admits that Jose Baca Hernandez was housed at Adelanto in June 2020 but was released. Defendant admits that Hernandez is blind due to a shooting in 2015.  Defendant denies that Hernandez was fired at indiscriminately on June 12, 2020, and denies that he was not permitted to shower or decontaminate afterward.  Defendant denies any remaining allegations for lack of information and belief.

10.     In response to paragraph 11 of plaintiffs' Complaint, Defendant admits that plaintiff Hugo Gonzalez-Mejia was detained at Adelanto in June 2020. Defendant admits that Gonzalez-Mejia is noted to have asthma and leukemia (CML). Defendant denies that officers shot directly at Gonzalez-Mejia while he was seated with his head down.  Defendant denies any remaining allegations for lack of information and belief.

11.     In response to paragraph 12 of plaintiffs' Complaint, Defendant admits that plaintiff Erick Benjamin Jaimes Lopez was detained at Adelanto.  Defendant denies Lopez was indiscriminately attacked and denies that his rights were violated.  Defendant denies that Lopez waited hours for medical attention and denies that he was not given water or allowed to rinse his eyes. Defendant denies any remaining allegations for lack of information and belief.

12.     In response to paragraph 13 of plaintiffs' Complaint, Defendant admits that plaintiff Mario Alberto Manjarrez Huertero was detained at Adelanto in June 2020.  Defendant denies Manjarrez was repeatedly shot with pepper balls without cause and denies that his rights were violated.  Defendant denies any remaining allegations for lack of information and belief.

13.     In response to paragraph 14 of plaintiffs' Complaint, Defendant admits that plaintiff Ricardo Sandoval Guardarrama was detained at Adelanto in June 2020 and has since been released.  Defendant denies that Guardarrama was indiscriminately shot with pepper balls and denies that his rights were violated. Defendant denies that Guardarrama was not permitted to shower or decontaminate and denies that he was not provided adequate cleaning materials for his cell. Defendant denies any remaining allegations for lack of information and belief.

14.     In response to paragraphs 15-16 of plaintiffs' Complaint, Defendant admits that The GEO Group, Inc. is a private corporation headquartered in Boca Raton, Florida, which contracts with ICE to operate the Adelanto Detention Facility.  Defendant lacks sufficient information to admit or deny any allegations regarding DOES 1-10 and therefore denies them for lack of information and belief.

**FACTUAL ALLEGATIONS**

15.     In response to paragraphs 17-19 of plaintiffs' Complaint, Defendant admits that GEO staff at times locked detainees in their cells when there were protests outside diverting staff resources and denies that they violated detainee's rights in doing so. Defendant denies that the facility ever had a policy of blocking

phone numbers of advocates and avers that three-way calling is prohibited. Defendant admits that detainees in unit 3 were told to return to their cells due to an outside protest. Defendant denies that detainees were only permitted out for 30-60 minutes per day during outdoor protests.  Defendant denies any remaining allegations for lack of information and belief.

16.     In response to paragraph 20 of plaintiffs' Complaint, Defendant admits that some detainees in Unit 3 were protesting and refused to return to their cells. Defendant avers that the detainees were given repeated orders to return to their cells but they ignored or refused these orders. Defendant admits the Facility Administrator came in to talk to the detainees.  Defendant denies any remaining allegations for lack of information and belief.

17.     In response to paragraphs 21-23 of plaintiffs' Complaint, Defendant admits that after the detainees refused to return to their cells, numerous officers armed with pepper spray launchers entered the units.  Defendant denies that the detainees were not warned that force and/or chemical sprays/rounds would be used if they refused.  Defendant denies that the detainees were intentionally fired upon and avers that pepper spray balls were shot at objects near detainees to disperse the chemicals.  Defendant denies that officers fired indiscriminately or without cause. Defendant admits that pepper spray causes coughing.  Defendant denies any remaining allegations for lack of information and belief.

18.     In response to paragraph 24 of plaintiffs' Complaint, Defendant denies that officers targeted any plaintiffs or other detainees with medical conditions or who were trying to advise them of a medical condition. Defendant denies any remaining allegations for lack of information and belief.

19.     In response to paragraphs 25-26 of plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny which detainees were located in what position/location before the officers entered. Defendant admits that an "out count" procedure is possible for some counts but not the standing count.  Defendant denies

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

2:22-CV-04014-JGB-SHK
DEFT GEO'S ANSWER TO COMPL

that plaintiff Gonzalez was purposely shot in the chest and head as he yelled that he had cancer.  Defendant denies that pepper spray was used inappropriately. Defendant denies any remaining allegations for lack of information and belief.

20.     In response to paragraph 27-29 of plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny what plaintiffs Lopez and Baca heard, smelled, or felt, and thus denies these allegations for lack of information and belief. Defendant admits plaintiff Baca is blind from a 2015 incident.  Defendant admits officers closed Baca's cell door when he was inside and admits that after Baca hurt himself, he was given medical treatment.  Defendant denies that detainees were given no warning or no time to comply with orders. Defendant denies any remaining allegations for lack of information and belief.

21.     In response to paragraphs 30-34 of plaintiffs' Complaint, Defendant admits that plaintiffs were protesting.  Defendant admits the Facility Administrator told detainees to go into their cells.  Defendant lacks sufficient information to admit or deny what plaintiffs Manjarrez and Guardarrama heard, smelled, or felt, and thus denies these allegations for lack of information and belief.  Defendant denies that detainees were given no warning or no time to comply with orders.  Defendant denies that some detainees were not allowed to shower until days after the incident. Defendant denies any remaining allegations for lack of information and belief.

22.     In response to paragraphs 35-39 of plaintiffs' Complaint, Defendant denies that detainees were not given cleaning supplies or clean clothes after the incident.  Defendant denies the detainees' showers were limited – even in RHU - and denies they had to use toilet water.  Defendant denies that detainees were not given fresh air or water to decontaminate. Defendant denies any remaining allegations for lack of information and belief.

23.     In response to paragraphs 40-45 of plaintiffs' Complaint, Defendant denies that detainees were denied access to showers.  Defendant avers that detainees have sinks in their cell and denies that toilet water needed to be used.

Defendant denies that pepper spray takes weeks to dissipate and denies that detainees were not given cleaning materials.  Defendant lacks sufficient information to admit or deny what plaintiffs Gonzalez, Baca, Manjarrez, and Lopez heard, smelled, or felt, and thus denies these allegations for lack of information and belief. Defendant denies that skin would burn for a week or that eyes would be red and swollen after a year. Defendant denies any remaining allegations for lack of information and belief.

24.     In response to paragraphs 46-48 of plaintiffs' Complaint, Defendant denies that detainees were denied access to showers.  Defendant avers that detainees have sinks in their cell and denies that toilet water needed to be used. Defendant denies that pepper spray takes weeks to dissipate and denies that detainees were not given cleaning materials.  Defendant lacks sufficient information to admit or deny what plaintiffs Sandoval felt, and thus denies these allegations for lack of information and belief. Defendant denies pepper spray does not dissipate and that areas were not decontaminated.  Defendant denies any remaining allegations for lack of information and belief.

**CLASS ACTION ALLEGATIONS**

25.     In response to paragraphs 49 and 51 of plaintiffs' Complaint, Defendant denies that all detained persons in unit 3A-D were part of the incident and/or affected and avers that there were only 19 involved/affected persons. Defendant acknowledges that Plaintiffs seek certification of a class for declaratory, injunctive, and monetary relief.  Defendant denies that the Fourth Amendment is applicable to detainees.  Defendant denies any remaining allegations for lack of information and belief.

26.     In response to paragraphs 52-53 of plaintiffs' Complaint, Defendant admits that plaintiffs seek certification of certain classes. Defendant denies that all detained persons in unit 3A-D were part of the incident and/or affected and avers that there were only 19 involved/affected persons.  Defendant also denies that

persons placed on lockdown – without any use of force – suffered any compensable injury; further, the time period from June 12, 2020 to the present is overly broad. Defendant denies any remaining allegations for lack of information and belief.

27. In response to paragraph 54 of plaintiffs' Complaint, Defendant denies that a potential class would exceed 100 detainees. Defendant denies that all detained persons in unit 3A-D were part of the incident and/or affected and avers that there were only 19 involved/affected persons. Defendant denies any remaining allegations for lack of information and belief.

28. In response to paragraph 55 of plaintiffs' Complaint, Defendant denies that probable cause or reasonable suspicion are needed to segregate detainees. Defendant denies that pepper balls or OC spray were used indiscriminately or that there are grounds to enjoin these weapons. Defendant denies any remaining allegations for lack of information and belief.

29. In response to paragraphs 56-57 of plaintiffs' Complaint, Defendant denies that plaintiffs' claims are typical of the class proposed since some portions of the proposed class did not experience any use of force nor they did refuse to lock up. Defendant admits the Facility Administrator spoke to some of the detainees, in an effort to obtain their compliance with orders. Defendant denies that employees were told or did use force indiscriminately and denies that detainees were punitively put into pepper-saturated cells. Defendant denies that detainees were not provided showers or cleaning supplies. Defendant denies any remaining allegations for lack of information and belief.

30. In response to paragraphs 58-60 of plaintiffs' Complaint, Defendant denies that the named plaintiffs adequately represent the class as proposed. Defendant denies that a class action is superior here because the potential plaintiffs are not too numerous to adjudicate and could be joined in an action without requiring class certification, which would obtain the same efficiencies of management and efficiency and consistency. Defendant denies any remaining

allegations for lack of information and belief.

31.     In response to paragraphs 61-62 of plaintiffs' Complaint, Defendant denies that a class action is superior and aver that a case may have 19 plaintiffs without requiring separate actions or a class.  Defendant denies any remaining allegations for lack of information and belief.

## FIRST CAUSE OF ACTION: BATTERY

32.     In response to paragraph 63 of plaintiffs' Complaint, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

33.     In response to paragraphs 64 to 67 of plaintiffs' Complaint, Defendant denies that its employees assaulted or battered plaintiffs and denies they acted with the intent to harm plaintiffs.  Defendant denies that plaintiffs were injured as a result of their conduct.  Defendant denies its officers acted with malice, oppression, or conscious disregard of plaintiffs' rights, and denies it is liable for punitive damages. Defendant denies any remaining allegations for lack of information and belief.

## SECOND CAUSE OF ACTION: ASSAULT

34.     In response to paragraph 68 of plaintiffs' Complaint, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

35.     In response to paragraphs 69 to 72 of plaintiffs' Complaint, Defendant denies that its employees assaulted plaintiffs and denies they acted with the intent to harm or offend plaintiffs.  Defendant denies that plaintiffs were injured as a result of their conduct.  Defendant denies its officers acted with malice, oppression, or conscious disregard of plaintiffs' rights, and denies it is liable for punitive damages. Defendant denies any remaining allegations for lack of information and belief.

## THIRD CAUSE OF ACTION:

## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

36.     In response to paragraph 73 of plaintiffs' Complaint, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

37.     In response to paragraphs 74-78 of plaintiffs' Complaint, Defendant denies it negligently hired, retained, or supervised its employees at Adelanto. Defendant denies it was on notice of prior use of excessive force or refusal of decontamination of protesting detainees, as no prior judicial determination was made and the facts were disputed. Defendant denies that its officers intended to cause plaintiffs to suffer injury and denies that plaintiffs were injured physically or emotionally as a result of their conduct.  Defendant denies it or its officers acted with malice, oppression, or conscious disregard of rights, and denies that it is liable for punitive damages.  Defendant denies any remaining allegations for lack of information and belief.

## FOURTH CAUSE OF ACTION: IIED

38.     In response to paragraph 79 of plaintiffs' Complaint, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

39.     In response to paragraphs 80 to 85 of plaintiffs' Complaint, Defendant denies its officers engaged in extreme or outrageous conduct.  Defendant denies that its officers intended to cause plaintiffs to suffer injury and denies that plaintiffs were injured physically or emotionally as a result of its employees' conduct. Defendant denies it or its officers acted with malice, oppression, or conscious disregard of rights, and denies that it is liable for punitive damages.  Defendant denies any remaining allegations for lack of information and belief.

## FIFTH CAUSE OF ACTION:
## NEGLIGENCE AND FAILURE TO PROVIDE MEDICAL CARE

40.     In response to paragraphs 86 to 88 of plaintiffs' Complaint, Defendant denies it violated any duty of care and/or failed to exercise reasonable diligence to ensure plaintiffs' safety.  Defendant denies it was negligent or reckless.  Defendant denies its officers used excessive force, denies any detainees were denied showers or decontamination, and denies the unit was not cleaned/decontaminated. Defendant denies it acted with malice, oppression, or conscious disregard and

denies it is liable for punitive damages. Defendant denies any remaining allegations for lack of information and belief.

## SIXTH CAUSEOF ACTION:

## BANE ACT, FIRST, FOURTH, AND FIFTH AMENDMENTS

41.     In response to paragraph 89 of plaintiffs' Complaint, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

42.     In response to paragraphs 90 to 97 of plaintiffs' Complaint, Defendant denies that it violated plaintiffs' rights under the Bane Act, U.S. Constitution or California's constitution.  Defendant denies that it acted with reckless disregard of the detainees' rights and denies that excessive force was used.  Defendant denies its officers assaulted plaintiffs or violated their due process.  Defendant denies that plaintiffs were injured as a result of their conduct.  Defendant denies plaintiffs were not allowed to shower or decontaminate. Defendant denies it acted with malice, oppression, or conscious disregard of rights, and denies it is liable for punitive damages.  Defendant denies any remaining allegations for lack of information and belief.

## PRAYER FOR RELIEF

43.     In response to plaintiffs' prayer for relief, Defendant denies that plaintiffs are entitled to declaratory judgment, injunctive relief, compensatory or punitive damages.  Defendant denies that this case should be certified as a class action.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

44.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  Plaintiffs' Complaint also fails to state a claim against defendant.

## SECOND AFFIRMATIVE DEFENSE

45.     Defendant denies that plaintiffs have been deprived of any rights,

privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

46. At all relevant times, Defendant acted within its scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with federal and state laws. Defendant therefore asserts its qualified immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

47. Plaintiffs have suffered no actual injury due to Defendant's conduct.

## FIFTH AFFIRMATIVE DEFENSE

48. Defendant asserts that this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings (if any) arising from the same incident and/or due to any duplicated federal claims.

## SIXTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred by all applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

50. Any and all happenings, events, damages and injuries, if any, referred to in the Complaint were proximately caused and contributed by plaintiffs' own conduct in that they failed to comply with orders at the alleged times and places.

## EIGHTH AFFIRMATIVE DEFENSE

51. Plaintiffs' own conduct estops them from claiming the damages in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

52. Plaintiffs are not entitled to punitive damages because defendant did not act with malicious intent to deprive them of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

## TENTH AFFIRMATIVE DEFENSE

53. Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## ELEVENTH AFFIRMATIVE DEFENSE

54. Plaintiffs failed to mitigate their own damages, if any exist.

## TWELFTH AFFIRMATIVE DEFENSE

55. Should plaintiffs recover damages against defendant, defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages, if any there were.

## THIRTEENTH AFFIRMATIVE DEFENSE

56. Answering defendant alleges by way of a plea of comparative negligence that plaintiffs and other parties were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if plaintiffs and/or other parties are found to have been negligent, and if the plaintiffs are entitled to recover damages against the answering defendant by virtue of the Complaint, this defendant prays that said recovery be diminished by reason of the negligence of the plaintiffs in proportion to the degree of fault attributable to the plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

57. Defendant alleges that Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

58. Defendant alleges that at no time did it or its officers breach any duty owed to Plaintiffs the proximate cause of which was Plaintiffs' alleged injury and/or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

59. Defendant alleges that none of its agents and/or employees engaged in

any interference, or attempts to interfere, by threats, intimidation, violence or coercion with Plaintiffs' exercise or enjoyment of their constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

60.    Because the Complaint is couched in conclusory terms, answering defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial before a jury on all issues presented by Plaintiffs' Complaint triable to a jury.

WHEREFORE, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiffs; and

2. Plaintiffs take nothing by the Complaint; and

3. Defendant be awarded costs of suit incurred herein; and

4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  September 28, 2022          BURKE, WILLIAMS & SORENSEN, LLP


By: _/s/ Susan E. Coleman_
        Susan E. Coleman

Attorneys for Defendant
THE GEO GROUP, INC.