ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
JOSEPH MCGEADY (BAR NO. 308408)
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone: (619) 233-1155 Fax: (619) 233-1158
E-Mail: jmcgeady@allenmatkins.com

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MATTHEW T. SESSIONS (BAR NO. 307098)
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone: (949) 553-1313 Fax: (949) 553-8354
E-Mail: msessions@allenmatkins.com

BURKE, WILLIAMS & SORENSON, LLP
SUSAN E. COLEMAN (BAR NO. 171832)
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Phone: (213) 236-0600 Fax: (213) 236-2700
E-Mail: scoleman@bwslaw.com

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HUGO GONZALEZ, JOSE BACA, ERICK LOPEZ, MARIO MANJARREZ, and RICARDO SANDOVAL GUADARRAMA, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE GEO GROUP, INC., et al.,

Defendants.

Case No. 2:22-cv-04014-JGB-ACCV

[CLASS ACTION]

Honorable Jesus G. Bernal

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO UNRELATED ALLEGED USES OF FORCE**

Date: August 31, 2026
Time: 11:00 a.m.
Ctrm: 1

Date Action Filed: June 10, 2022
Trial Date: Oct. 6, 2026

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 31, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jesus G. Bernal in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, Defendant The GEO Group, Inc. ("Defendant") will and hereby does move *in limine* for an order excluding evidence of unrelated uses of force by Defendant or at the Adelanto Detention Facility (the "Facility") including, but not limited, to any reference to unrelated uses of force as excessive.

Defendant makes this Motion on the grounds that unrelated uses of force are not relevant to any claim or defense, is improper character evidence, and introduction of such evidence at trial would result in unfair prejudice, confusing or misleading the jury, and a waste of valuable time at trial.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, such further evidence and argument as may be presented at or before the hearing on this Motion, and any other matters of which the Court may properly take judicial notice.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 and this Court's Civil Trial Scheduling Order which took place on July 27, 2026. *See* Declaration of Matthew Sessions ¶ 11.

Dated: August 3, 2026

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
MATTHEW SESSIONS

By: */s/ Matthew Sessions*
MATTHEW SESSIONS
Attorneys for Defendant
THE GEO GROUP, INC.

# TABLE OF CONTENTS


Page

I. INTRODUCTION .....5

II. STATEMENT OF FACTS .....6

A. June 7, 2020: Protestors' Attacks Escalate Tensions in the Facility .....6

B. June 12, 2020: Detainees' Continued Protests and Refusal to Comply With Orders and GEO Result in Necessary Uses of Force .....6

C. June 2022: Plaintiffs file their Complaint, asserting class claims. .....7

D. July 31, 2025: The Court certifies three separate classes under Rule 23(b)(3). .....7

III. ARGUMENT .....7

A. Unrelated Uses of Force Should be Excluded as Irrelevant Character Evidence. .....8

B. Reference to and Evidence of Unrelated Uses of Force should be Excluded under Rule 403. .....10

IV. CONCLUSION .....12

CERTIFICATE OF COMPLIANCE (L.R. 11-6.1 and 11-6.2) .....13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohn v. Papke*,
655 F.2d 191 (9th Cir.1981) .......... 9

*Diggins v. Faulkner Cnty. Det. Ctr., Unit 2*,
602 F. Supp. 3d 1124 (E.D. Ark. 2022) .......... 5, 9, 10, 12

*Eigeman v. City of Great Falls*,
723 F. Supp. 522 (D. Mont. 1989) .......... 9, 12

*Gates v. Rivera*,
993 F.2d 697 (9th Cir. 1993) .......... 5, 9, 10, 12

*United States v. Haischer*,
780 F.3d 1277 (9th Cir. 2015) .......... 10

**Rules**

Fed. R. Civ. P. 23(b)(3) .......... 7

Fed. R. Evid. 401 .......... 8, 10

Fed. R. Evid. 402 .......... 5, 8, 9, 10

Fed. R. Evid. 403 .......... 6, 8, 10

Fed. R. Evid. 404 .......... 5, 8, 9, 10

Fed. R. Evid. 404(b) .......... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case concerns specific alleged uses of force occurring at The GEO Group, Inc.'s Immigration and Customs Enforcement ("ICE") Processing Center (the "Facility") in Adelanto, California, on July 12, 2020 and the circumstances surrounding the uses of force. However, discovery in this matter and Plaintiffs' proposed pretrial filings have revealed Plaintiffs' intentions to expand this case beyond its relevant scope by introducing evidence of unrelated uses of force either by Defendant's officers or at the Facility. This evidence should be excluded for at least two independent reasons.

First, prior uses of force are not relevant to what happened on or around July 12, 2020. Consistent with prior Court decisions, whether or not Defendant's officers have used similar force in the past has no bearing on whether the force they allegedly used here was reasonable or excessive. *See* Fed. R. Evid. 402; *see also, e.g.*, *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993) (holding that "past conduct did not bear on [the] issue" of "whether, objectively, [an officer's] use of force had been excessive" in a specific instance); *Diggins v. Faulkner Cnty. Det. Ctr., Unit 2*, 602 F. Supp. 3d 1124, 1126 (E.D. Ark. 2022) (finding that a "claim of excessive force arises out of [one specific], incident and must rise or fall on its own merits without reference to other unrelated force incidents, which are irrelevant and inadmissible under Federal Rule of Evidence 402"). Indeed, this evidence's only use at trial would be to show Defendant's character or propensity in connection with such uses of force, which is impermissible. Fed. R. Evid. 404 ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait").

Second, this evidence is unfairly prejudicial, risks confusing or misleading the jury, and will waste valuable time at trial by forcing the parties to litigate a mini-trial relating to each unrelated use of force. Given the lack of relevance of this evidence

to any of Plaintiffs' claims, each of these concerns provides sufficient reason to exclude reference to unrelated uses of force at trial. Fed. R. Evid. 403.

## II. STATEMENT OF FACTS

### A. June 7, 2020: Protestors' Attacks Escalate Tensions in the Facility

On June 7, 2020 approximately 400 protestors gathered outside the Facility, which houses civil ICE detainees. *See* Sessions Ex. E at 115:25-119:11; *see also* Sessions Ex. G at 432:13-433:6. Protestors threw rocks at the Facility, hitting personnel and breaking windows; trashed cars; breached the Facility's security; and attempted to break into the Facility armory, which contained weaponry and chemical agents. *See* Sessions Ex. E at 115:25-119:11, 120:20-121:7; *see also* Sessions Ex. F at 152:10-20; *see also* Sessions Ex. G at 432:13-433:6; *see also* Sessions Ex. D at 169:18-170:6. Tensions at the Facility increased to an all-time high.

### B. June 12, 2020: Detainees' Continued Protests and Refusal to Comply With Orders and GEO Result in Necessary Uses of Force

GEO then learned that another protest would occur on June 12. *See* Sessions Ex. G at 283:15-21. To maintain order inside the Facility, the facility administrator ordered that the detainees return to their rooms for the 10:30 a.m. count and remain locked down for the duration of the protest. *See id.* at 284:17-285:25; 288:21-289:15. Many detainees refused to go to their rooms, knowingly violating the orders and Facility rules. *See id.* at 290:10-17, 375:16-21. GEO supervisors allowed this deviation from policy to avoid physical confrontation with the detainees. *See* Sessions Ex. C at 106:17-107:5; *see also* Sessions Ex. D at 225:7-226:18. At about 3:00 p.m. GEO officers again sought to avoid escalation, agreeing to allow detainees to remain in common areas in exchange for the detainees' agreement to comply with the rack-up order for the 6:30 p.m. count. *See* Sessions Ex. G at 358:16-359:19.

The tensions escalated further when detainees refused to return to their rooms for the 6:30 count, resulting in varying degrees of confrontation in different areas of the Facility, including dorms West 3-B, West 3-C, and West 3-D, where pepper spray

and PepperBalls were ultimately deployed. *See* Sessions Ex. E at 185:8-186:11, 205:3-12.

**C. June 2022: Plaintiffs file their Complaint, asserting class claims.**

On June 10, 2022, Plaintiffs Hugo Gonzalez, Jose Baca, Erick Lopez, Mario Manjarrez, and Ricardo Sandoval Guadarrama filed their Complaint, on behalf of themselves and all others similarly situated, alleging claims for (1) battery, (2) assault, (3) negligent hiring, training, and supervision, (4) intentional infliction of emotional distress, (5) negligence and failure to provide medical care, and (6) interference of civil rights. Sessions Dec. ¶ 2.

**D. July 31, 2025: The Court certifies three separate classes under Rule 23(b)(3).**

On July 31, 2025, the Court issued an order certifying three separate and distinct classes under Rule 23(b)(3):

> 1. **The 3B Class**: All immigration detainees housed in Adelanto Detention Facility, Unit 3B on June 12, 2020 who were (1) subjected to the use of area saturation with pepper balls or pepper spray and/or (2) were placed on lockdown continually for some period of time after June 12, 2020.
> 2. **The 3C Class**: All immigration detainees housed in Adelanto Detention Facility, Unit 3C on June 12, 2020 who were (1) subjected to the use of area saturation with pepper balls or pepper spray and/or (2) were placed on lockdown continually for some period of time after June 12, 2020.
> 3. **The 3D Class**: All immigration detainees housed in Adelanto Detention Facility, Unit 3D on June 12, 2020 who were (1) subjected to the use of area saturation with pepper balls or pepper spray and/or (2) were placed on lockdown continually for some period of time after June 12, 2020.

Dkt. 114. Defendant now moves in limine to exclude evidence and argument referring to uses of force that are unrelated to the class's claims as certified and individual Plaintiffs' claims for intention infliction of emotional distress.

## III. ARGUMENT

During the parties joint preparation of pretrial documents, Plaintiffs noted their intention to introduce at least one document that references other uses of force,

including pepper spray: The Office of Civil Rights and Civil Liberties ("CRCL") Memorandum regarding complaints at the Facility, dated April 25, 2018. *See* Sessions Ex. H. This document, included twice on Plaintiffs' proposed exhibit list, refers to CRCL's investigation and recommendations relating to medical care, mental health care, hunger strikes, segregation, grievances, staff-detainee communication, legal access, language access, suicide prevention and intervention, and use of force at the Facility. *Id.* at 1. CRCL's memorandum recommends that the Facility "must provide access to cold-water shower in the East and West wings for decontamination of detainees who have been exposed to OC Pepper Spray." *Id.* at 9. But whether pepper spray was previously used at the facility, and whether cold-water showers were available thereafter, has no bearing on whether this was also true on July 12, 2020.

Similarly, during several depositions in this matter, Plaintiffs elicited testimony regarding Defendant's officer's prior uses of force, including the use of pepper spray and PepperBalls. *E.g.*, Sessions Ex. A at 47:13-52:18; *see also e.g.*, Sessions Ex. B at 50:23-51:20, 52:9-52:15; *see also e.g.*, Sessions Ex. C at 72:9-74:19; *see also e.g.*, Sessions Ex. D at 38:21-24; *see also e.g.*, Sessions Ex. E at 54:15-56:17, 58:11-65:7, 173:2-174:17; *see also e.g.*, Sessions Ex. F at 139:14-141:3; *see also e.g.*, Sessions Ex. G at 347:7-348:4. As explained below, the Court should exclude any such evidence as irrelevant character evidence, which also presents a risk of unfair prejudice, confusing or misleading the jury, and waiting valuable time at trial. Fed. R. Evid. 402; Fed. R. Evid. 403; Fed. R. Evid. 404.

### A. Unrelated Uses of Force Should be Excluded as Irrelevant Character Evidence.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; ***and*** (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). And "[e]vidence of a person's character or

character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404.

Accordingly, courts have previously held that past conduct of officers is irrelevant to whether a later use of force is excessive. For example, in *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993), the Ninth Circuit held that a relevance objection should have been sustained as to an officer's testimony that he had never before discharged his weapon because "[c]haracter evidence is normally not admissible in a civil rights case." *Id.* (citing *Cohn v. Papke,* 655 F.2d 191, 193 (9th Cir.1981)). Indeed, "[t]he question to be resolved was whether, objectively, his use of force had been excessive" in the present instance. *Id*. And the court concluded that "past conduct did not bear on that issue." *Id.*

Similarly, in *Eigeman v. City of Great Falls*, 723 F. Supp. 522, 526 n.3 (D. Mont. 1989), the court considered whether the defendant's "use of excessive force in an unrelated arrest" should have been admitted in an action concerning a specific instance of alleged excessive force on a later date. The court determined that such evidence "is simply not probative of any other factual issue presented for resolution." *Id.* The court reasoned that "[e]vidence of [Defendant's] conduct at a point in time after the incident in issue would serve to take the focus of the jury away from the question of what actually happened at the time of that confrontation, and direct it to the character of [Defendant]." *Id*. at 525. "This is precisely what [section 404] is designed to prohibit." *Id*.

And in *Diggins v. Faulkner Cnty. Det. Ctr., Unit 2*, 602 F. Supp. 3d 1124, 1126 (E.D. Ark. 2022), the court granted an officer defendant's motion in limine to "exclude other uses of pepper spray," who argued, among other things, that the plaintiff's "claim of excessive force arises out of [one specific], incident and must rise or fall on its own merits without reference to other unrelated force incidents, which are irrelevant and inadmissible under Federal Rule of Evidence 402." The court was clear: "the fact that [the defendant] may have used pepper spray in other

situations is not relevant to his use of pepper spray in this instance, and the evidence is inadmissible" under FRE 401, 402, 403, and 404(b). *Id.* at 1127.

Here, evidence of alleged uses of force not occurring on July 12, 2020 is similarly irrelevant and should be excluded. Plaintiffs' claims as a whole are focused on the specific wrongful acts alleged in the Complaint that occurred on or around that date (July 12, 2020), whether such acts were reasonably justified, and what harms resulted. Prior or subsequent uses of force are irrelevant to these determinations and make no other facts of consequence more or less likely to be true. *See Gates*, 993 F.2d at 700. Instead, its only use at trial would be to show Defendant's character or propensity in connection with such uses of force, which should not be permitted. *Id.*; *see also* Fed. R. Evid. 404. This evidence, including the CRCL Memorandum and reference or questioning similar to the deposition transcripts referred to in Section III above, should thus be excluded as irrelevant character evidence. Fed. R. Evid. 402; Fed. R. Evid. 404.

**B. Reference to and Evidence of Unrelated Uses of Force should be Excluded under Rule 403.**

Even if the evidence regarding unrelated uses of force was found to be relevant, it should still be excluded as unfairly prejudicial. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (citation omitted). Exclusion is permitted when one or more of the reasons for exclusion outweighs the probative value of the evidence. *Id.* Here, raising evidence at trial of unrelated uses of force by Defendant or at the Facility would (1) be unfairly prejudicial, (2) confuse and mislead the jury, and (3) cause an undue delay and waste time.

First, as explained above, unrelated uses of force hold de minimis, if any, evidentiary value. But the risk of undue prejudice is significant. If evidence of unrelated uses of force are introduced at trial, and if those instances are referred to or perceived as excessive, the jury could conclude from that evidence that the force allegedly used in *these* circumstances was also excessive. And Defendant will be unable to establish that these other uses of force were not excessive without the proceedings devolving into mini-trials on unrelated events. Additionally, if certain issues with previous uses of force are identified—like the CRCL memorandum's reference to cold-water shower access—the jury could infer that the same issues persisted or occurred in this instance. *See* Sessions Ex. H at 9. The CRCL memorandum (which references three deaths at the Facility, the need for suicide prevention, and recommendations for additional medical and mental health care)[1] also shows that evidence referencing prior uses of force is in some cases intertwined with other emotionally inflammatory evidence. *See generally id.* This is not unique to the CRCL report, as the circumstances surrounding other alleged uses of force will likely include salient facts that may spark emotional reactions from jurors.

Second, discussing other uses of force would risk confusing and/or misleading the jury. This case already requires jurors to analyze specific factual issues relating to three separate uses of force that occurred on June 12, 2020 (one occurring in each of the three dorms whose residents were certified as separate classes). Dkt. 114. Bringing up even more alleged use of force instances would risk the juries confusing what happened at each instance.

Finally, any time spent introducing, refuting, or explaining evidence relating to unrelated uses of force would be wasted because the outcome of such mini-trials

[1] While Defendant respectfully requests that this entire document be excluded for the reasons articulated in this motion, Defendant requests in the alternative that this additional information in the CRCL report be redacted in the event the Court declines to grant this motion in its entirety. Defendant's proposed redactions are the unhighlighted portions of the document in Sessions Ex. J. Defendant has proposed these alternative redactions to Plaintiffs, who have declined to stipulate to them. Sessions Decl. ¶ 12.

would have no relevance to the claims or defenses in this action. *See Gates*, 993 F.2d at 700; *Eigeman*, 723 F. Supp. at 526 n.3; *Diggins*, 602 F. Supp. 3d at 1126.

## IV. CONCLUSION

Based on the foregoing considerations, Defendant respectfully requests that the Court exclude from trial all evidence and argument relating to uses of force that are unrelated to the claims at issue in this case including, but not limited to, references to such uses of force as excessive.

Dated: August 3, 2026

Respectfully submitted,

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
MATTHEW SESSIONS

By: */s/ Matthew Sessions*
MATTHEW SESSIONS
Attorneys for Defendant
THE GEO GROUP, INC.

**CERTIFICATE OF COMPLIANCE (L.R. 11-6.1 and 11-6.2)**

Consistent with L.R. 11-6.1 and 11-6.2, the undersigned counsel certifies that this brief contains 2,532 words and complies with the 10-page limit set by the Court in its Civil Trial Order.

Dated: August 3, 2026

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: */s/ Matthew Sessions*
MATTHEW SESSIONS
Attorneys for Defendant
THE GEO GROUP, INC.