Catherine Sweetser (SBN 271142)
Tessa R. Baizer (SBN 336028)
**UCLA LAW CLINICS**
385 Charles E Young Drive
East Los Angeles, CA 90095
Email(s):     csweetser@sshhzlaw.com
              baizer@law.ucla.edu

Paul Hoffman (SBN 071244)
John Washington (SBN 315991)
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
200 Pier Avenue, #226
Hermosa Beach, CA 90245
Telephone: (310) 396-0731
Email(s):     hoffpaul@aol.com
              jwashington@sshhzlaw.com

BARRETT S. LITT (SBN 45527)
LINDSAY BATTLES (SBN 262862)
**McLANE, BEDNARSKI & LITT, LLP**
975 East Green Street
Pasadena, California 91106
Tel: (626) 844-7660
Fax: (626) 844-7670
Email(s):     blitt@mbllegal.com
              lbattles@mbllegal.com

*Attorneys for Plaintiffs,*
*HUGO GONZALEZ, JOSE BACA,*
*ERICK LOPEZ, MARIO MANJARREZ, and*
*RICARDO SANDOVAL GUADARRAMA.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO GONZALEZ, JOSE BACA, ERICK LOPEZ, MARIO MANJARREZ, and RICARDO SANDOVAL GUADARRAMA, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> The GEO Group, Inc., a Florida corporation, DOES 1-10, <br><br> Defendant. | Case No.  2:22-cv-04014-JGB-ACCV <br><br> **PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND FOR AN ADVERSE JURY INSTRUCTION** <br><br> Judge:  Hon. Jesus Bernal <br> Date:   August 31, 2026 <br> Time:   11:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE THAT on August 31, 2026 at 11:00 a.m. in Courtroom 1 of the above entitled Court located at 3470 Twelfth Street Riverside, CA, 92501, before the Honorable Jesus G. Bernal, Plaintiffs Hugo Gonzalez, Jose Baca, Erick Lopez, Mario Manjarrez, and Ricardo Sandoval Guadarrama will move the Court for an order imposing sanctions against Defendant The GEO Group, Inc. for its spoliation of handheld camera footage of the June 12, 2020 use of force in Unit 3B at the Adelanto Detention Facility.

This motion is based on the grounds that Defendant had a duty to preserve handheld camera footage of the June 12, 2020 use of force in Unit 3B; that Defendant destroyed or failed to preserve that footage with a culpable state of mind, including the intent to deprive Plaintiffs of its use in this litigation; and that the footage was relevant to Plaintiffs' claims such that its loss has materially prejudiced Plaintiffs. Plaintiffs accordingly move the Court, pursuant to its inherent authority and/or Federal Rule of Civil Procedure 37(e), for an order: (1) precluding Defendant from arguing or presenting testimony that Defendant did not saturate Unit 3B with chemical agents, including pepper balls and pepper spray, or that Plaintiffs were given any additional warning or additional time to return to their cells when officers entered Unit 3B; (2) presuming that the lost footage was unfavorable to Defendant; and (3) providing an adverse inference jury instruction to that effect, all as more fully set forth in the accompanying Memorandum of Points and Authorities.

The parties met and conferred about this motion on July 22, 2026, but were unable to reach agreement.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Catherine Sweetser, and the records and files of this Court, and upon such other oral or documentary evidence as may be presented at the time of the hearing.

/ / /

Dated: August 3, 2026

**UCLA LAW CLINICS**

By: /s/ Catherine Sweetser

Catherine Sweetser
*Attorney for Plaintiffs.*

PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. FACTUAL BACKGROUND ................................................................... 2

III. ARGUMENT ........................................................................................... 3

   A. GEO Group Had a Duty to Preserve the Handheld Video Footage and Knew of Its Duty .................................................................................... 4

   B. The Evidence Shows that the Video was In Fact Created ............................. 6

   C. GEO Group was at Least Negligent When Failing to Preserve the Handheld Video Footage ................................................................................... 7

   D. The Handheld Video Footage was Critical to Prove Plaintiffs' Claims ......... 9

   E. The Court Can Impose Sanctions Within Its Inherent Authority or Pursuant to Rule 37(e) ................................................................................... 9

   F. GEO Group's Conduct Warrants the Court to Make A Factual Presumption ......................................................................................... 11

   G. GEO Group's Conduct Warrants An Adverse Jury Instruction .................. 12

IV. CONCLUSION ..................................................................................... 13

PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

# TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Page(s)*

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*,
    69 F.3d 337 (9th Cir. 1995) .............................................................................. 3

*Apple Inc. v. Samsung Electronics Co.*,
    888 F. Supp.2d 1132. (N.D. Cal. 2012) ........................................................ 7

*Colonies Partners, L.P. v. County of San Bernardino No. 5:18-CV-00420-JGB-SHK*,
    2020 WL 1491339 at *9 (C.D. Cal. 2020)  ........................................ 7-8,12

*EBIN New York, Inc. v. SIC Enter., Inc., No. 19-CV-1017*,
    2022 WL 4451001 (E.D.N.Y. Sept. 23, 2022) ............................................ 10

*Est. of Schuck v. Cty. of San Diego, No. 3:23-cv-00785-DMS-AHG*,
    2025 U.S. Dist. LEXIS 148493 (S.D. Cal. Aug. 1, 2025) ....................... 8,13

*Glover v. BIC Corp.*,
    6 F.3d 1318 (9th Cir. 1993) ....................................................................... 3,4

*Henry v. Gill Ind., Inc.*,
    983 F.2d 943 (9th Cir. 1983) ........................................................................ 9

*J.J. Ashlynn Marketing Group, Inc.*,
    2026 WL 1157165 (S.D. Cal. 2026) ........................................................... 10

*Jerry Beeman & Pharmacy Servs., Inc. v. Caremark Inc.*,
    322 F. Supp. 3d 1027 (C.D. Cal. 2018) ...................................................... 7

*Jones v. Riot Hosp. Grp. LLC*,
    95 F.4th 730 (9th Cir. 2024) ........................................................................ 7

*Leon v. IDX Sys. Corp*,
    464 F.3d ................................................................................................ *passim*

*Musse v. King County, No. C18-1736-JCC*,
    2021 U.S. Dist. LEXIS 195221 (W.D. Wash. Oct. 8, 2021) ....................... 8

*Rapp v. NaphCare, Inc., No. 3:21-cv-05800-DGE*,
    2023 U.S. Dist. LEXIS 94785 (W.D. Wash. May 31, 2023) ...................... 8

PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

*RB Abrams Insurance v. Law Offices of C.R. Abrams*,
   342 F.R.D. 461 (9th Cir. 2002) ................................................................ 3,11

*Reinsdorf v. Skechers U.S.A., Inc.*,
   296 F.R.D. 604 (C.D. Cal. 2013) ................................................................ 4

*Su v. United States Postal Service, No. 3:23-cv-05007*,
   2024 WL 21670 (W.D. Wash. Jan. 2, 2024) ............................................... 12

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
   982 F.2d 363 (9th Cir. 1992) ............................................................... 4,7,11

<u>Other</u>
Federal Rule of Civil Procedure 37 ........................................................... *passim*

PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs seek sanctions for Defendant GEO Group, Inc.'s willful destruction or failure to preserve handheld camera footage depicting the June 12, 2020 use of force in Unit 3B at the Adelanto Detention Facility. This central piece of evidence would have shown Defendant saturating unit 3B with chemical agents, including pepper balls and pepper spray, to force Plaintiffs into their cells. Defendant violated its own policy requiring proper recording and storage of videos for use of force incidents and failed to complete any investigation to locate or restore the missing footage. The lost footage deprives the jury of a direct vantage point to personally view and assess what occurred and materially prejudices Plaintiffs.

The district court has inherent authority to impose sanctions based on Defendant's spoliation of evidence. Plaintiffs discuss one video which Defendant has admitted it cannot find among its records.  The evidence demonstrates that handheld video was recorded of the use of force, and Defendant's practice was to burn that video to CD and keep it on both CD and external hard drive.  Plaintiffs believe that this video is not "electronically stored information" that falls under Rule 37, as it is not the type of information the Note makes clear is "electronically stored information," i.e., information gathered and stored pursuant to a computer system with automatic deletion rules. However, because Defendant has taken the position that it does fall under Rule 37, Plaintiffs address both the inherent authority to impose sanctions and Rule 37(e)'s standard for adverse jury instructions below.

Because of Defendant's willful destruction or failure to preserve, Plaintiffs move the Court to order that Defendant be precluded from arguing or presenting testimony that Defendant did not saturate unit 3B with chemical agents, (i.e. pepper balls and pepper spray); and from arguing or presenting testimony that Plaintiffs were given any additional warning or additional time to return to their cells when the officers entered Unit 3B. Such a sanction is certainly within the Court's authority and is

justified by the Defendant's conduct.

In addition, Plaintiffs move the Court to provide an adverse inference jury instruction. The jury should be instructed that:

> There was handheld camera footage of the incident in Unit 3B where Plaintiffs were pepper-sprayed and pepper balls were fired. This footage included sound, which the other videos of that unit does not have, which would have assisted you in determining when pepper balls and pepper spray was fired and what the officers said. Defendant Geo Group failed to preserve this footage for Plaintiffs' use in this litigation after its duty to preserve it arose. You may assume that this footage showed detainees sitting peacefully in the unit as the officers entered and shot pepper balls and pepper spray at the detainees without giving any warnings that they would fire, and without giving people time to return to their cells. You may further assume that the footage would have tended to corroborate Plaintiffs' evidence and to undermine any contrary evidence. Whether this information is important to you in reaching your verdict is for you to decide.

## II.    FACTUAL BACKGROUND

This is a class action complaint against GEO Group arising out of Defendant's unconstitutional use of chemical agents at the GEO Adelanto Detention Facility ("Adelanto") on June 12, 2020.

During the use of force on June 12, 2020, GEO Group's policies dictated that handheld camcorders, which recorded sound, be used to record video of the incident. Sweetser Decl. Ex. 3 at 15-17. GEO had a policy that one officer would be responsible for filming this footage and that the footage would then be saved to multiple CDs, one of which would be appended to the After-Action Review and one of which would be stored in the office. Sweetser Decl. Ex. 2, Johnson Depo., 163:25-164:1-8. Silent stationary camera footage shows that handheld camcorder footage was taken in 3B during the incident.  Dkt. 57-2, Ex.2, at 7:14-7:33, 7:20-7:24.  This video would have been closer to the action and not silent, unlike the stationary camera footage.

On June 19, 2020, counsel for detainees sent a preservation letter asking that GEO preserve all video along with other documentation of the incident. Sweetser Decl. Ex.

GEO was thus on notice that there was a need to preserve the video for litigation from immediately after the incident.

The loss of this video severely prejudices Plaintiff at trial. The stationary camera footage of the incident which we do have is taken from much farther away, is in black and white, and does not have sound.  Defendants have made several arguments about the behavior of the detainees in Unit 3B which appear to be contradicted by the stationary video; the handheld footage would have given confirmation of that and also captured any verbal exchanges between the detainees and the officers.  Most crucially, Defendants are arguing about the level of saturation of the unit, which is difficult to discern visually. In units 3C and 3D, the sound of pepper balls being fired can be heard on the handheld video. *See, e.g.,* Dkt. 63-2, Ex. 22 at 1:00-1:20. In Unit 3B, we do not have the benefit of hearing whether the pepper balls are fired.

## III.    ARGUMENT

Federal law imposes a duty to preserve evidence before litigation begins: "the duty to preserve arises 'not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.'" *RB Abrams Insurance v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 503 (quoting *Colonies Partners, L.P. v. Cnty. Of San Bernardino*, No. 518-CV-00420-JGB-SHK, 2020 WL 1496444 at *6 (C.D. Cal. Feb. 27, 2020). A party "engage[s] in spoliation of documents as a matter of law only if they had 'some notice that the documents were potentially relevant' to the litigation before they were destroyed." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

Upon finding that a party has spoliated relevant evidence, the district court has the inherent authority to impose sanctions including entering judgment, imposing issue and evidence sanctions, and giving adverse inference instructions to the jury. *Leon*, 464 F.3d at 958; *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Although

the Ninth Circuit has not laid out a precise rule, many district courts require that a party seeking sanctions prove the following elements:

> "A party seeking an adverse inference instruction (or other sanctions) based on the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013).

Bad faith is not required for corrective sanctions. *Glover*, 6 F.3d at 1329; *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 n.2 (9th Cir. 1992)("This court has, since *Roadway*, confirmed the power of the district court to sanction under its inherent powers not only for bad faith, but also for willfulness or fault by the offending party").  Where a lesser sanction like adverse jury instructions is used to correct the harm, "many courts in this circuit" have considered "ordinary negligence" sufficient.  *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 627 (C.D. Cal. 2013)

### A.    GEO Group Had a Duty to Preserve the Handheld Video Footage and Knew of Its Duty

"A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'" *Leon*, 464 F.3d at 959 (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).  Defendant had notice that the handheld video footage was potentially relevant to the litigation, because of its policies, the preservation letter sent by Plaintiffs, and Defendant's recent encounter with Plaintiffs' counsel.

GEO Group's policies require employees to preserve video footage documenting use of force. During any use of force, GEO Group policies require its guards to take video of the use of force using a handheld camera. Sweetser Decl. Ex. 3 at 20-23. Videos that the Defendant produced, including handheld camera footage

of unit 3B immediately preceding the use of force incident, demonstrate that GEO Group did follow this policy on June 12, 2020. GEO Group personnel are then required to burn not one but two hard copies of the video to CD, maintaining one CD in the office and appending the second CD to the After-Action report. Sweetser Decl. Ex 2, Johnson Depo at 40:4-7. However, Defendant did not preserve the handheld video footage showing the actual use of force, which its policies mandated.

Moreover, GEO Group's policies require the company to investigate any lost video footage. The After-Action committee is required to review the video during the After-Action Review. Sweetser Decl. Ex 2, Johnson Depo at 169:1-18. Here, the company completely failed to investigate the lost video, even after litigation began and Plaintiff repeatedly required about it in discovery, even requesting that GEO designate a person most knowledgable on the topic of retention of video. Sweetser Decl. Ex 2, Johnson Depo at 444:10-21; 445:2-14.

GEO Group had notice that the handheld video footage was relevant to litigation even before litigation began. On June 19, 2020, *four days* after Plaintiffs were sprayed by Defendant with pepper spray and pepper balls, Plaintiffs' counsel sent GEO a letter demanding it preserve all videos from the incident. That letter demanded GEO Group preserve all evidence including "all video and audio evidence of GEO Group employees spraying Oleoresin Capsicum ("OC") at detainees and/or shooting rubber bullets since May 2020. Sweetser Decl. Ex. 1 (Preservation Letter from Plaintiffs' Counsel to Defendant, June 19, 2020). The letter demanded preservation of "video and audio evidence [which] includes both the facility-wide video surveillance that GEO Group operates at Adelanto as well as all additional video recordings – including those taken by GEO Group 'camera operators' on each shift, who are required to document every Use of Force incident, whether planned or unplanned." *Id.* The missing footage taken within unit 3B was encompassed within the evidence Plaintiffs instructed the Defendant to preserve. Not only did the letter specify that Defendant preserve the footage, Plaintiffs' counsel demanded the Defendant preserve the copies that data is

stored on: "You are also under a legal duty to take all steps necessary to prevent the destruction, loss, concealment, or alteration of any paper, document, audio recording, video recording, or electronically stored information ("ESI") and other data or information generated by and/or stored on your computers, storage media (e.g., thumb/flash drives, portable hard drives, floppy disks, backup tapes, etc.) or email servers that relate to these allegations." *Id.* This required GEO Group to not only preserve the handheld video footage, but also the CD it was stored onto.

GEO Group also knew it on notice to preserve the video footage because of previous litigation around similar issues. GEO Group previously resolved a case on behalf of eight detainees at Adelanto who were pepper sprayed, physically attacked, and isolated in retaliation for their peaceful complaints about the conditions at Adelanto. Given the similar facts and history with Plaintiffs' counsel, that litigation should have made GEO Group aware of the need to preserve this type of video evidence for litigation.

Because GEO Group knew that the handheld camera from unit 3B would be potentially relevant to the litigation before they were destroyed or unpreserved, GEO Group willfully spoiled the evidence.

**B.    The Evidence Shows that the Video was In Fact Created**

GEO Group has produced handheld video from Unit 3B from before the use of force, indicating that the handheld camera was present and working.  Dkt. 63-2, Ex. 20 (GEO 13213).  GEO Group has also produced silent stationary camera footage which shows a guard moving about the unit with a handheld camera, apparently taking video of what is happening in the unit throughout the use of force.  Dkt. 57-2, Ex.2, at 7:14-7:33, 7:20-7:24.  If the camera had run out of battery or been running out of battery during the use of force, that itself should have been documented on video according to the policy.  Johnson Depo. at 172:6-14. Since there has been a prima facie showing of spoliation, the burden should shift to Defendants if they are arguing that no spoliation occurred because no video was in fact taken. Once spoliation has been

shown, as here, the burden shifts to the spoliating party to demonstrate that the non-spoliating party suffered no prejudice. *Jerry Beeman & Pharmacy Servs., Inc. v. Caremark Inc*., 322 F. Supp. 3d 1027, 1037 (C.D. Cal. 2018).

**C.      GEO Group was at Least Negligent When Failing to Preserve the Handheld Video Footage**

"[T]he power of the district court to sanction under its inherent powers not only for bad faith, but also for willfulness or fault by the offending party." *Unigard,* 982 F.2d at 368 n.2. GEO Group was at least at fault for not preserving the handheld video footage, and circumstantial evidence indicates that GEO Group also acted in bad faith.

District courts have imposed sanctions when parties acted with conscious disregard when failing to preserve evidence. In *Apple Inc. v. Samsung Electronics Co., Ltd.*, the court imposed an adverse inference jury instruction because Samsung acted with "conscious disregard" when it failed to monitor its custodial employees' preservation effectors in the face of its biweekly destruction policy once a litigation hold was issued. 888 F. Supp.2d 1132, 1147. (N.D. Cal. 2012). In *Apple*, the company had a lot of employees to monitor to ensure they preserved required files. Here, GEO Group had fewer employees to monitor to ensure that the files were properly recorded and preserved, yet they inexplicably failed to do so.

The Court could impose sanctions based on GEO Group's negligent failure to preserve the handheld camera footage, but GEO Group's actions further demonstrate willfulness and bad faith. "Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions. Relevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." *Jones v. Riot Hosp. Grp. LLC,* 95 F.4th 730*,* 735 (9th Cir. 2024).  "Intent may be inferred if a party is on notice that documents were potentially relevant and fails to take measures to preserve relevant evidence, or otherwise seeks to 'keep incriminating facts out of evidence.'" *Colonies Partners, L.P. v. County of San Bernardino* No. 5:18-

CV-00420-JGB-SHK, 2020 WL 1491339 at *9 (C.D. Cal. 2020) (quoting *Leon*, 464 F.3d at 959). Intent (as well as willfulness and bad faith) is properly inferred by Defendant's failure to take steps to preserve the footage (including multiple hard copies of it) under its own policy, by Defendant's failure to investigate the footage at any time during this litigation, and by its seemingly selective preservation here. *Id.*; *see also Rapp v. NaphCare, Inc.*, No. 3:21-cv-05800-DGE, 2023 U.S. Dist. LEXIS 94785, at *13 (W.D. Wash. May 31, 2023); *Est. of Schuck v. Cty. of San Diego*, No. 3:23-cv-00785-DMS-AHG, 2025 U.S. Dist. LEXIS 148493, at *34, *35-36 (S.D. Cal. Aug. 1, 2025) (finding "selective" preservation of "certain video footage" was sufficient for inference of intent within the meaning of Rule 37); *id.* at *44 (holding that defendant who did not follow its own policies to preserve video footage warranted an adverse inference instruction); *Musse v. King County*, No. C18-1736-JCC, 2021 U.S. Dist. LEXIS 195221, at *10-11 (W.D. Wash. Oct. 8, 2021) ("The County's fault is significant. It apparently knew what its retention policy required, did not follow the policy, and does not try to explain why. Its seemingly cursory follow-up investigation is also concerning. Whether one calls this "willful," "intentional," or "conscious disregard," it is enough to put Rule 37(e)(2) sanctions in play.")

Defendant acted in bad faith when it did not investigate the missing video footage. Joshua Johnson, the person most knowledgeable of GEO Group, admitted in his deposition that handheld footage was taken pursuant to the use of force policy. Sweetser Decl. Ex. 2, Johnson Depo. at 161:10-162:1-7. He also testified that footage is stored on a CD and a hard drive, and very few people would have access. Sweetser Decl. Ex. 2, Johnson Depo., 163:25-164:25.  A copy would also be appended to the use of force paperwork for the After-Action Committee. Sweetser Decl. Ex. 2, Johnson Depo., 164:24-165:2; 168:19-22.  Once the footage was stored on a CD and the hard drive, the handheld camera was wiped. Sweetser Decl. Ex. 2, Johnson Depo., 166:6-9. Johnson testified that if footage went missing, an investigation would be conducted. Sweetser Decl. Ex. 2, Johnson Depo. at 169:3-11, 181:11-21. Here, there was no

investigation, and no one could tell Plaintiffs what happened to the multiple copies of the video that should have been created.  Sweetser Decl. Ex. 2, Johnson Depo. at 171:8-16; 444:10-21; 445:2-14.  The lack of an investigation in this case shows that the destruction of the video was willful or in bad faith. *Henry v. Gill Ind., Inc.*, 983 F.2d 943, 949 (9th Cir. 1983)(destruction is willful or in bad faith when it is not outside the control of the party).

Defendant's bad faith is also demonstrated through its selective production and collective memory. Defendant was able to produce handheld footage in 3B immediately preceding the use of force which conveniently cut off before Defendant saturated the unit with pepper balls and pepper spray. Defendant also conveniently produced footage documenting the use of force in units 3C and 3D.

**D.      The Handheld Video Footage was Critical to Prove Plaintiffs' Claims**

The handheld video footage of the use of force incident was necessary to demonstrate Plaintiffs' version of events. The footage would have shown Defendant saturating the unit with pepper balls and pepper spray at a clearer angle than the stationary cameras. The footage also differed from the stationary cameras because it had sound. That sound would have revealed that Defendant did not warn Plaintiffs to return to their cell before they began to saturate the unit. Without this footage, Plaintiffs are put at a disadvantage, and their version of events are weighed against law enforcement officials who are in positions of authority.

**E.      The Court Can Impose Sanctions Within Its Inherent Authority or Pursuant to Rule 37(e)**

Because GEO Group had a duty to preserve the handheld camera footage at the time that it was destroyed; acted with a culpable state of mind of at least negligence; and the footage was relevant to proving Plaintiffs' claims, the Court can impose sanctions within its inherent authority. Although the court could issue sanctions within its inherent authority, sanctions also may be appropriate under Fed. R. Civ. P. 37(e). Rule 37(e) governs a party's failure to preserve electronically stored information and

permits a district court to impose sanctions if necessary. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). "A party under a duty to preserve ESI must take reasonable steps to preserve it." *J.J. Ashlynn Marketing Group, Inc.*, 2026 WL 1157165, at *6 (S.D. Cal. 2026) (quoting *Colonies Partners, L.P. v. County of San Bernardino*, 2020 WL 1496444, at *8 (C.D. Cal. 2020)). The handheld camera footage itself was electronically stored information, but it was uploaded onto a CD. If the Court determines that the lost footage was electronically stored information rather than lost footage on a CD, which constitutes a tangible item, Rule 37(e) is applicable.

To grant the necessary sanctions, Rule 37(e)(2) requires the Court find that GEO Group acted with intent to deprive. They did. "Rule 37(e) does not define 'intent,' but in context, the word is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Jones*, F.4th 730 at 735.

In *Jones*, the plaintiff deleted text messages between herself and coworkers where they discussed the case, and the Ninth Circuit Court of Appeals affirmed the district court's decision to dismiss the case with prejudice as a terminating sanction under Fed. R. Civ. P. 37(e). *Id.* at 736. The district court reasoned that Jones acted with intent since she was unable to explain why she was able to produce certain texts while other text messages were selectively deleted. *Id.* at 735.

Contrarily, in *EBIN New York, Inc. v. SIC Enterprise, Inc.*, there was not enough circumstantial evidence to infer that Plaintiff acted with intent to deprive. "[T]he evidence shows that while Plaintiff failed to take reasonable steps to preserve it, Plaintiff did take some steps to preserve ESI or recover ESI, including by instituting a litigation hold in February 2019 when they filed the complaint in this case, and by hiring two e-discovery vendors." *EBIN New York, Inc. v. SIC Enter., Inc.*, No. 19-CV-1017, 2022 WL 4451001, at *10 (E.D.N.Y. Sept. 23, 2022).

Like *Jones*, GEO Group is unable to provide an explanation for why it

selectively preserved certain videos from 3B and not a crucial video depicting the use of force. GEO Group produced footage from minutes before they sprayed plaintiffs with pepper spray and pepper balls. GEO Group produced footage of stationary videos that were further away from where the defendants were sprayed. Unlike in *EBIN*, Defendant neither instituted a litigation hold nor hired an e-discovery vendor. Defendant did not even investigate the lost footage.

Because GEO Group acted with the requisite intent to destroy the handheld footage of the use of force within unit 3B, necessary sanctions are required in the interest of justice.

### F.    GEO Group's Conduct Warrants the Court to Make A Factual Presumption

A factual presumption sanction is permitted within the Court's inherent authority and under Rule 37(e). "The court's inherent authority to impose sanctions for the wrongful destruction of evidence includes the power to exclude evidence that, given the spoliation, would 'unfairly prejudice an opposing party.'" *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1077 (N.D. Cal. 2006)(quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir.1992).* The Court may grant a sanction "to presume that the lost information was unfavorable to the party." Fed. R. Civ. P. 37(e)(2)(A). Here, the Court should presume that the handheld footage depicted Plaintiffs sitting peacefully in the unit as the officers entered and shot pepper balls and pepper spray at them without giving any warnings that they would fire, and without giving Plaintiffs time to return to their cells.

The mandatory adverse inference remedy was deemed the appropriate remedy in a similar case where the Defendants intentionally destroyed text messages relevant to the litigation that they had an obligation to preserve. *RG Abrams Insurance v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 520-521 (C.D. Cal. 2022) (recommending adverse inference instruction at trial and presumption that the lost evidence contained evidence unfavorable to the Defendant). This remedy was also granted in another

matter where the defendant failed to preserve the information, rather than intentionally destroyed it. In *Su v. United States Postal Service*, the defendant failed to issue litigation hold notices to all relevant parties and vital discovery was not preserved. *Su v. United States Postal Service*, No. 3:23-cv-05007, 2024 WL 21670, at *5 (W.D. Wash. Jan. 2, 2024) (order). There, the court ruled that "[n]egative inferences will be drawn against the USPS regarding the content of lost electronic communications and Mr. Sweezer's personnel file about the reasons he was fired and whether the USPS's proffered poor performance based justification was pretext." *Id.* at 6.

Here, the Defendant was able to produce handheld video footage taken within unit 3B immediately prior to the use of force, as well as footage from stationary cameras in 3B that depicted the use of force but were soundless. The Defendant was also able to produce handheld video footage from other units, 3C and 3D, that depicted the use of force in those units. The availability of footage that Defendant produced while not producing the handheld camera footage depicting the use of force in 3B demonstrates that it was deleted or that other videos were selectively preserved. There was no investigation to discover why the footage was lost. As a result of the Defendant's actions, the Court should presume that the lost information was unfavorable to the Defendant.

### G.    GEO Group's Conduct Warrants An Adverse Jury Instruction

The Court may grant a mandatory adverse jury instruction, instructing the jury to presume that the deleted handheld video camera footage contained unfavorable to the Defendant. Fed. R. Civ. P. 37(e)(2)(B).

In *Colonies Partners, L.P. v. County of San Bernardino*, this Court accepted the Magistrate Judge's recommendations and granted Colonies Partners' adverse jury instruction. *Colonies Partners, L.P. v. County of San Bernardino* No. 5:18-CV-00420-JGB-SHK, 2020 WL 1491339 at *1 (C.D. Cal. 2020). There, Defendants deleted emails and text messages that would have confirmed a repeated pattern of behavior shown in other emails and text messages that were produced. *Colonies*, 2020 WL

PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

1496444 at *4. The magistrate judge rejected defendant's argument that the missing evidence was cumulative. *Id.*; *see also Est. of Schuck v. Cty. of San Diego*, No. 3:23-cv-00785-DMS-AHG, 2025 U.S. Dist. LEXIS 148493, at *44 (S.D. Cal. Aug. 1, 2025) (granting adverse inference instruction where surveillance footage at a jail was not preserved). Here, the Court should grant the same remedy because GEO Group similarly failed to preserve the handheld camera footage depicting the use of force, despite other videos showing the use of force within the unit and other units.

## IV.   CONCLUSION

GEO Group's intentional destruction or failure to preserve vital footage of their use of force has deprived Plaintiffs of the most critical evidence necessary for the prosecution of this action. This subversion of the truth-seeking function justifies sanctions. For the foregoing reasons, Plaintiffs respectfully requests the Court to grant the relief requested herein.

Respectfully submitted,

Dated: August 3, 2026          **UCLA LAW CLINICS**

By:  /s/ Catherine Sweetser
     Catherine Sweetser
     *Attorneys for Plaintiffs.*