Catherine Sweetser (SBN 271142)
**UCLA LAW CLINICS**
385 Charles E Young Drive
East Los Angeles, CA 90095
Email(s): csweetser@sshhzlaw.com

Paul Hoffman (SBN 071244)
John Washington (SBN 315991)
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
200 Pier Avenue, #226
Hermosa Beach, CA 90245
Telephone: (310) 396-0731
Email(s): hoffpaul@aol.com
jwashington@sshhzlaw.com

Barrett S. Litt (SBN 45527)
Lindsay Battles (SBN 262862)
**McLANE, BEDNARSKI & LITT, LLP**
975 East Green Street
Pasadena, California 91106
Tel: (626) 844-7660
Email(s): blitt@mbllegal.com
lbattles@mbllegal.com

*Attorneys for Plaintiffs, Hugo Gonzalez, Jose Baca, Erick Lopez, Mario Manjarrez, and Ricardo Sandoval Guadarrama*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HUGO GONZALEZ, JOSE BACA, ERICK LOPEZ, MARIO MANJARREZ, and RICARDO SANDOVAL GUADARRAMA, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

The GEO Group, Inc., a Florida corporation, DOES 1-10,

Defendants.

Case No.: 2:22-cv-04014-JGB-ACCV

**[CLASS ACTION]**

**DECLARATION OF LINDSAY BATTLES IN SUPPORT OF PLAINTIFFS' RE-FILED MOTION FOR APPROVAL OF CLASS NOTICE PLAN**

**Date: November 9, 2026**
**Time: 9:00 a.m.**
**Ctrm: 1, Riverside**

# DECLARATION OF LINDSAY BATTLES

I, LINDSAY BATTLES, declare as follows:

1. I am an attorney licensed to practice in the State of California and a partner at the firm McLane, Bednarski & Litt, LLP, attorneys of record for Plaintiffs in this action. This declaration is submitted in support of Plaintiffs' Motion for Approval of Class Notice.

2. **Exhibit A** consists of the draft notice prepared by counsel.

3. **Exhibit B** consists of the curriculum vitae of ILYM Group. It sets forth ILYM's qualifications to administer class notice in this case.

4. **Exhibit C** consists of the notice proposal generated by ILYM for giving notice of certification in this matter.

5. **Exhibit D** consists of the Exclusion form to be used in this case

6. **Exhibit E** consists of the short form notices to be used including a) Email Notice; and b) text/social media.

7. On July 31, 2025, this Court certified three Rule 23(b)(3) damages classes. Dkts. 113, 114. After certification, the parties continued the scheduling-order deadlines to explore the possibility of settlement. It is my understanding from conversations with my co-counsel that, during meet-and-confer discussions, Defendant represented that discovery would need to be reopened so that class data could be exchanged to facilitate notice of certification.

8. Class counsel deferred notice while the parties explored settlement, as is customary where settlement may eliminate the need for separate certification notice followed by a second settlement notice. After mediation proved unsuccessful, Plaintiffs promptly sought the class data necessary to effectuate notice.

9. On February 19, 2026, Plaintiffs' counsel contacted Defendant to confirm that Defendant would supplement their disclosures with identifying and contact information for class members, including dates of birth, A-numbers, countries of citizenship or origin, removal dates if any, last known addresses, and family or

emergency-contact information, including information GEO had obtained from ICE in other cases. Defendant did not produce data in response to this request, but agreed to enlarge the deadline for supplementing disclosures to facilitate the exchange of class data.

10. On March 13, 2026, in connection with the parties' stipulation to continue pretrial deadlines, Defendant filed a Final Pretrial Conference statement asserting that Plaintiffs had not provided a workable plan for class notice and stating that Defendant would consider seeking decertification.

11. During the March 16 hearing, Defendant GEO confirmed that it would provide additional available contact and identifying information necessary for class notice and agreed that discovery would be reopened for that purpose. Even after that representation, however, Defendant did not immediately produce the class data.

12. To avoid any possible dispute over the scope of information to be produced, Plaintiffs served new requests for production on April 24, 2026 seeking class-member identifying and contact information. Plaintiffs also issued a *Touhy* subpoena to DHS on April 27, 2026. DHS initially responded that it was reviewing records to determine what information, if any, can be produced.

13. On June 29, 2026, Defendant produced identifying and contact information for 145 class members. As detailed below, that production contains substantial information that can be used to effectuate notice.

14. On July 9, 2026, DHS responded that it had declined the *Touhy* subpoena. Although Plaintiffs have determined there is more than sufficient class member data from GEO to facilitate notice, they may pursue a motion to compel any additional data available from DHS.

15. On July 1, 2026, Defendant's counsel advised that they intend to bring a motion to decertify the class. Counsel for the parties met and conferred on July 6. During that meeting, Defendant's counsel advised that they intended to seek decertification based on the notice plan and potentially other issues that were raised

at the time of class certification and/or presented by the parties' pretrial exchange of documents. Defendant has indicated that their decertification motion would be filed after Plaintiffs' motion for approval of class notice.

16. Plaintiffs provided an earlier version of the draft notice attached as **Exhibit A** to this motion to Defendants as part of the original meet and confer process in July 2026.

17. GEO's data production contains substantial identifying and contact information that can be used to issue effective notice. I have reviewed GEO's production. GEO produced detainee identifying information for 145 class members (excluding the class representatives). That information includes full names, nationalities, dates of birth, Social Security numbers where available, domestic emergency-contact names, addresses, and telephone numbers, and domestic addresses. GEO's records also indicate whether each individual understands English and, if not, the individual's primary language. In addition, the records indicate whether the individual was released in the United States or removed to another country.

18. Based on Plaintiffs' preliminary review, all 145 class members have an associated date of birth, and 27 have Social Security numbers. Of the 145 class members, 137 provided a domestic address in the United States, and 111 provided an emergency contact in the United States. Only four class members provided neither a domestic address nor a domestic emergency contact.

19. Of the 145 class members, 143 appear to understand English or Spanish; 1 class member speaks Mandarin (and not English); 1 appears to speak English and/or Chinese.

20. The records indicate that approximately 99 class members were released (presumably into the community in the United States), while approximately 38 were removed to other countries (including voluntary departures). There were 6 also flight transfers. Two remained detained according to the documents.

21. The class administrator assumes a 15% remailing rate for returned mail. This is an estimate. Even if this percentage ultimately proves higher, Plaintiffs will fund additional searches and remailings necessary to complete the approved notice plan.

22. Based on my experience working with class administrators to devise notice plans, this data provides a strong foundation for individualized notice because every class member can be searched by name and date of birth, and the majority of class members have at least one domestic address, domestic emergency contact, or other identifying information that can be used to locate updated contact information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9, 2026 at Pasadena, California.

*/s/ Lindsay Battles*
Lindsay Battles